IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

JUAN RODRIGUEZ-RIOS,

Defendant.

**4:23CR3014**

**FINDINGS, RECOMMENDATION AND
ORDER**

Defendant has moved to suppress evidence obtained during a traffic stop, claiming his Fourth Amendment rights were violated because his detention during the traffic stop was unreasonably prolonged, and his vehicle was searched without a warrant, probable cause, or consent to search. (Filing No. 22). At the conclusion of the hearing held on August 17, 2023, I stated my conclusions on the record and my decision to recommend that Defendant's motion be denied. To reiterate:

The officer who conducted the traffic stop, Nebraska State Patrol Trooper Austin Donner, worked diligently throughout the traffic stop, completing all the tasks associated with the traffic stop and issuing warning ticket within 12 minutes. (Ex. 2). Thereafter, Defendant agreed to remain in the patrol vehicle and answer additional questions posed by the officer. (Ex. 2, 13:30–13:37). Defendant was not unreasonably detained in violation of the Fourth Amendment,

The officer did not have a warrant or probable cause to search Defendant's vehicle, but testified that he searched the vehicle with Defendant's verbal consent. Defendant claims he did not consent to a vehicle search, primarily arguing that due to a language barrier, his verbal statements expressing consent to search, (Ex. 2, 15:20–15:41), cannot be construed as a valid consent.

Although Defendant's primary language is Spanish, as confirmed by the video of the traffic stop, (Ex. 2), and the video at the law enforcement facility after Defendant's arrest, (Ex. 3), Defendant was clearly able to communicate with law enforcement in English. During the traffic stop, he explained the details of his trip in response to the officer's questioning, understood the officer's explanation, in English, that he was receiving a ticket for a nonfunctioning brake light, and responded appropriately to the officer's instructions to produce his license and registration, exit the vehicle, and sit in the front passenger seat of the patrol vehicle. After his arrest, in response to casual conversation in English at the NSP facility, Defendant explained the route he used to reach the United States from Cuba, and he described his satisfaction with living in the United States, his employment, and the members of his family. While perhaps not fluent, Defendant was certainly able to communicate extensively in English.

Defendant is an adult of at least average intelligence, and at the time of the stop, he did not appear to be under the influence of drugs or alcohol or otherwise impaired. He was treated professionally throughout the traffic stop and was not threatened or promised anything to obtain his consent to search. The stop was brief, occurred in a public location, and only one officer was present. The officer was armed but never brandished his gun. While the defendant had no prior experience with the legal system and was not told he could refuse to consent and/or leave, he was neither under arrest nor handcuffed prior to the vehicle search. During the stop, the defendant had asked for clarification when he did not initially understand the officer's questions. But when the officer asked for consent to search the vehicle (which occurred twice), Defendant consented without hesitation both times, and motioned his hand toward the vehicle.

Under the totality of the circumstances, the defendant actually consented to the search of his vehicle, and a reasonable officer would have believed he consented. The search of the vehicle did not violate the Fourth Amendment. See

2

e.g. United States v. Flores, 474 F.3d 1100, 1104-05 (8th Cir. 2007)(holding that although the communication between the officers and the defendant was in English rather than in Spanish (the defendant's primary language), there was nothing to suggest the consent was involuntary where the defendant had promptly retrieved his documents in response to the officer's request and consistently answered questions in English, giving the officer no reason to believe the defendant did not understand the conversation); United States v. Perez, 200 F.3d 576, 579-80 (8th Cir. 2000)(holding that even though the defendant's primary language was Spanish and the request for consent was in English, the defendant's consent was voluntary where he was an adult who was not incapacitated, was able to communicate appropriately in English, was not threatened or coerced, and the traffic stop was brief).

Accordingly,

IT IS RECOMMENDED to the Honorable John M. Gerrard, Senior United States District Judge, pursuant to 28 U.S.C. § 636(b), that the motion to suppress filed by the defendant (Filing No. 22) be denied in its entirety.

The defendant is notified that failing to file an objection to this recommendation as provided in the local rules of this court may be held to be a waiver of any right to appeal the court's adoption of the recommendation.

IT IS ORDERED that a telephonic conference with counsel will be held before the undersigned magistrate judge at **11:15 a.m.** on **September 7, 2023** to discuss setting a change of plea hearing, or the date of the jury trial and deadlines for disclosing experts as required under Rule 16. Counsel for all parties shall use the conferencing instructions provided by the court to participate in the call.

Dated this 18th day of August, 2023.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

3