## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

          Plaintiff,

vs.

JUAN RODRIGUEZ-RIOS,

          Defendant.

4:23-CR-3014

ORDER

This matter is before the Court on the defendant's objection (filing 39) to the Magistrate Judge's Findings and Recommendation (filing 31) recommending that the defendant's motion to suppress (filing 22) be denied. The Court has conducted a de novo review of the record pursuant to 28 U.S.C. § 636(b)(1). On its de novo review, the Court agrees with the Magistrate Judge's findings and recommendation.

Specifically, the Court agrees that, viewing the totality of the circumstances, the defendant consented to speaking with the officer once the purpose of the traffic stop was complete. The officer issued a warning for the defendant's brake light. The body camera footage shows that as the defendant was preparing to leave, the officer politely asked if the defendant would mind answering a few more questions. The defendant immediately agreed to remain. A reasonable person in the defendant's position would have believed he was free to leave. *See United States v. Jones*, 269 F.3d 919, 925 (8th Cir. 2001). The defendant was not unlawfully seized.

And, the Court agrees that, viewing the totality of the circumstances from the officer's body camera footage, the officer reasonably believed the search of the defendant's vehicle was consensual. *See United States v. Aguilar*, 743 F.3d 1144, 1147 (8th Cir. 2014). During the traffic stop, the defendant and

the officer communicated in English; the defendant appeared to be of at least average intelligence; the defendant did not appear to be under the influence of alcohol or drugs; the officer did not make any promises, misrepresentations, or threats; and the defendant did not object to the search at any point. *See id.*; *United States v. Chaidez,* 906 F.2d 377, 381 (8th Cir. 1990). While the officer knew that the defendant had never been arrested before, and the officer did not inform the defendant that he could refuse the search, the totality of the circumstances indicates the officer reasonably believed the defendant consented. *Aguilar,* 743 F.3d at 1147-48; *Chaidez,* 906 F.2d at 381.

Accordingly,

IT IS ORDERED:

1. The defendant's objection (filing 39) is overruled.

2. The Magistrate Judge's Findings and Recommendation (filing 31) are adopted.

3. The defendant's motion to suppress (filing 22) is denied.

Dated this 13th day of December, 2023.

BY THE COURT:

John M. Gerrard
Senior United States District Judge